June, 1811.

BLINN
v.
CHESTER.

SAMUEL BLINN *against* THOMAS CHESTER.

In an action brought on a special contract, to recover the price of certain services performed by the plaintiff for the defendant, the defendant pleaded in bar, certain payments of money, in part performance, and a tender for the residue of the plaintiff's demand; as to one of these payments, no direction was given by the defendant, relative to application of it to any particular demand; although, at the time of such payment, an *unsettled book account* subsisted between the parties; held, that the defendant had a right to apply such payment in part performance of the contract.

MOTION for a new trial.

This was an action of *assumpsit*. The declaration stated, that the plaintiff and defendant entered into a contract in writing, whereby it was agreed, that the plaintiff should perform certain jobs of joiner's work for the defendant, for a certain stipulated sum; and by which it was also agreed, that the plaintiff should make all the window sashes for the defendant's house, set the glass and find the materials for the same; and that the defendant should pay the plaintiff therefor, one shilling for each pane of glass which he should so set. It was averred, that the plaintiff had performed his agreement; that he had found the materials, made the sashes and set 1000 panes of glass; and that the defendant had wholly failed to perform the contract on his part.

The defendant, in his plea, admitted the execution of the contract; but denied that the plaintiff had set 1000 panes of glass :—He admitted also, that the plaintiff had performed the other work, and that he had set 365 panes of glass, and no more. The plea then averred performance of the contract, in part, by the payment of two several sums of money to the plaintiff, at different times, at one time the sum of 9l. 4s. 2d., and at another, the sum of 30 dollars; and a tender of the sum of 66 dollars, for the residue, before the commencement of the suit.

On the trial, it was admitted, that at the time when one of the payments was made, to wit, the payment of 30 dollars, an unsettled book account subsisted between the parties: And it was claimed by the plaintiff, that such payment was made by the defendant without any direction as to the application of it; and that, therefore, he had no right to apply it in discharge of the written contract; and that the plaintiff had a right to make the application in discharge of his claim on book. There was no admission or proof, as to the indebtedness of either party, in relation to their book accounts. The Superior Court, in their charge to the jury, instructed them, that the defendant had a right to apply the payment, in part performance of the written contract. Whereupon, the jury found a verdict for the defendant. The plaintiff moved for a new trial on the ground of a misdirection; and the question was reserved for the consideration of the nine Judges.

*Dwight*, in support of the motion, contended, that if the debtor, at the time of payment, does not direct to what account it shall be applied, the creditor may, at any time, have his election in making the application. *The Mayor, &c. of Alexandria* v. *Patten*, 4 *Cranch*, 317. *Manning* v. *Westerne*, 2 *Vern.* 606.

*Daggett*, contra.

The only question in this case, is, whether the defendant could apply the payment of 30 dollars, in part performance of the written contract? There was no evidence of any exist-

ing debt in favour of the plaintiff, except what was due upon that contract. If there was only one debt, the payment must necessarily be applied, in discharge of that alone. In the cases both in *Vernon* and *Cranch*, there were two existing debts. In the present case, it is only stated, that there was an unsettled book account subsisting between the parties; but it does not appear that the defendant was in arrear to the plaintiff. *Hammersley* v. *Knowlys*, 2 *Esp. Cas.* 666.

Besides, if the court could presume, that a balance was due to the plaintiff, on book, this payment must be applied to sink that demand which draws interest. 2 *Pow. Mort.* 1119, 1120.

REEVE, J. (After stating the case.) In this case, there does not appear to be any debt due to the plaintiff from the defendant, except what arose out of the contract. It is true, there was an unsettled account; but from this, no inference can be made, that the defendant was in arrear, on that account, to the plaintiff. It might as well be inferred, that the plaintiff was in arrear to the defendant. There was, then, no debt due, but that upon the contract. There was no need of any direction to the plaintiff, to apply the payment to this debt. The law made the application of it to this; and this is all that the defendant claims.

I am, therefore, of opinion, that the charge was correct, and that a new trial ought not to be advised.

All the other judges concurred.

New trial not to be granted.